## CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

RACETRAC, INC.                                                    05/25/2022
Dale Marshall Contract & Corporate Governance Manager
RaceTrac
200 Galleria Parkway SE, Suite 900
Atlanta GA 30339

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2022-229

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | RACETRAC, INC. |
| 2. | **Title of Action:** | Darlyne Garcia vs. RaceTrac, Inc. |
| 3. | **Document(s) Served:** | Summons<br>Complaint<br>Plaintiff's Request for Production<br>Plaintiff's Notice of Propounding Interrogatories to the Defendant |
| 4. | **Court/Agency:** | Broward County 17th Judicial Circuit Court |
| 5. | **State Served:** | Florida |
| 6. | **Case Number:** | CACE-22-007445 |
| 7. | **Case Type:** | Negligence |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Wednesday 05/25/2022 |
| 10. | **Date to Client:** | Wednesday 05/25/2022 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 20<br>Tuesday 06/14/2022 | CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Harvey M. Cohen, Esq.<br>Plantation, FL<br>(954) 424-1440 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 101 |
| 16. | **Notes:** | |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information.  At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>DARLYNE GARCIA</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>RACETRAC, INC., a Foreign Corporation</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☐  $75,001 - $100,000
☒  over $100,000.00

III.    **TYPE OF CASE**      (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☒ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☒ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

NOT AN OFFICIAL COPY – CCIS – ATTORNEY OF RECORD

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

**IV.     REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.     NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.     IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.     HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.     IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

**IX.     DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
    ☐ yes
    ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: s/ Harvey M. Cohen      Fla. Bar # 854433
      Attorney or party         (Bar # if attorney)

Harvey M. Cohen        05/23/2022
  (type or print name)        Date

- 3 -

Case Number: CACE-22-007445 Division: 25

Filing # 150079610 E-Filed 05/23/2022 10:14:08 AM

IN THE CIRCUIT COURT OF 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DARLYNE GARCIA

CASE #:

                    Plaintiff,

VS.

RACETRAC, INC., a Foreign Corporation

                    Defendant.

_____/

Date 5/20/22  Time 107:00
Initials ___  ID # 1270

## SUMMONS

THE STATE OF FLORIDA:

To each Sheriff of Said State:

YOU ARE HEREBY COMMANDED to serve this summons and a copy of the complaint or petition in this action on defendant:

RACETRAC, INC., a Foreign Corporation
          BY SERVING:

                    Corporate Creations Network, Inc.
                    (Registered Agent)
                    801 US Highway 1
                    North Palm Beach, FL 33408

Each defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, to wit: HARVEY M. COHEN, ESQ.
whose address is: 8211 W. Broward Blvd. Suite 310 Plantation, FL 33324 and whose primary email address is pleadings@cohenandjuda.com, within twenty (20) days after this summons on the defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED ON_____          MAY 23 2022

                                        as Clerk of Said Court

                                        BY:_____
                                             as Deputy Clerk

                                        (Court Seal)          BRENDA D. FORMAN

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 05/23/2022 10:14:06 AM.****

Filing # 150079610 E-Filed 05/23/2022 10:14:08 AM

|  | IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARDCOUNTY, FLORIDA |
|---|---|

DARLYNE GARCIA

      Plaintiff,            GENERAL JURISDICTION DIVISION

VS.                          CASE #:

                             FLORIDA BAR #:854433

RACETRAC. INC., a Foreign
Corporation

      Defendant.

_____/

## COMPLAINT

      COMES NOW the Plaintiff, DARLYNE GARCIA, by and through her undersigned

counsel, sues the Defendant, RACETRAC, INC., a Foreign Corporation and alleges:

1. This is an action for damages in excess of Thirty Thousand ($30,000.00) Dollars,

    exclusive of attorney's fees and costs and interest and is within the jurisdictional

    limits of this Court.

2. That the Defendant, RACETRAC, INC., a Foreign Corporation at all times

    material to this cause of action is and was doing business in Broward County,

    Florida.

3. That the Plaintiff, DARLYNE GARCIA, is over the age of eighteen (18) years

    and is a resident of Ft. Lauderdale, Broward County, Florida.

4. On August 23, 2019, Defendant, RACETRAC, INC., a Foreign Corporation

    was the owner and in possession of the property located at RACE TRAC, 3031

    SW 31st Avenue, Pembroke Park, FL, Broward County, Florida.

5. On said date, the Plaintiff was legally on the premises of the Defendant with

the actual or constructive knowledge of the Defendant.

6. Further, at said time and place, the Defendant owed a duty to the Plaintiff to maintain said location in a reasonably safe condition, which included keeping its premises free of dangerous or hazardous conditions of which it knew or should have known.

7. That at the above time and place, the Defendant breached its duty to the Plaintiff by negligently permitting and/or creating a dangerous and hazardous condition on the subject premises of which it knew or should have known. Specifically, there was grease/oil left on the walkway to the entrance. As a result, Plaintiff slipped and fell on the substance and was seriously injured.

A) That said hazard existed for a sufficient length of time that the Defendant, its agents and/or employees knew, or in the exercise of reasonable care, should have known that the afore-described hazard existed.

B) That the Defendant created the hazard.

C) That Defendant failed to clean up, inspect, warn or rope off the hazardous area, exposing Plaintiff to the hazard in dispute.

8. That said condition occurred with such frequency and regularity, that said condition was foreseeable.

9. That Defendant failed to provide a safe and hazard free ingress and egress to and from the store from the pump and parking area.

10. That Defendant violated Florida Statute § 768.0755.

11. That as a direct and proximate result of one or more of the aforesaid wrongful, careless, and negligent acts of the Defendant, the Plaintiff, DARLYNE GARCIA,

significant scarring, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn monies and aggravation of a previously existing condition, if same applies. Furthermore, Plaintiff suffered permanent injuries within a reasonable degree of medical probability, and all losses are either permanent or continuing in nature and Plaintiff will suffer the losses in the future.

WHEREFORE, Plaintiff, DARLYNE GARCIA, demands judgment for damages against Defendant, RACETRAC, INC., plus costs of this action, and any other relief this Court deems reasonable and just. The Plaintiff further demands trial by jury of all issues so triable as a matter of right.

DATED this 25 day of May , 2022.

COHEN & JUDA, P.A.
Attorneys for Plaintiff
8211 W. Broward Boulevard
Suite 310
Plantation, Florida 33324
(954) 424-1440 Broward
(954) 424-6365 Telefax
pleadings@cohenandjuda.com Primary

BY: _____
HARVEY M. COHEN, ESQ.

Filing # 150079610 E-Filed 05/23/2022 10:14:08 AM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

DARLYNE GARCIA

      Plaintiff,

GENERAL JURISIDICTION DIVISION

CASE #:

VS,

FLORIDA BAR #:854433

RACETRAC, INC.,

      Defendant.

_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION

COME NOW the Plaintiff, DARLYNE GARCIA, by and through the undersigned counsel, and requests the Defendant, RACETRAC, INC., pursuant to Rule 1.350, Florida Rules of Civil Procedure, to produce the following documents, or, in the alternative make same available for inspection and/or copying in our office or an otherwise designated place, within thirty (30) days, the following:

1. Copies of any and all written agreements or contracts with any and all maintenance companies in effect on 8/23/2019.

2. Copies of any and all statements within the meaning of FRCP 1.280(b)(2), of the Plaintiff(s).

3. A copy of any and all statements, in writing or recorded, signed or unsigned, made by any witness(es) regarding the subject accident.

4. Copies of any and all photographs or video recordings and/or digital recordings of the scene of the accident alleged in the Plaintiff's Complaint, in the possession, custody or control of the Defendant(s), its agent, employees or attorneys.

5. Copies of any and all photographs or video recordings and/or digital recordings of the actual incident/accident which occurred on or about August 23, 2019, in the possession, custody or control of the Defendant(s), its agent, employees or attorneys.

6. Copies of any and all incident reports of the accident alleged in Plaintiff's complaint, in the possession, custody or control of the Defendant(s), its agents, employees or attorneys.

7. Copies of any and all insurance policies and declaratory pages that may apply to Defendant.

8. Any and all rules, regulations, guidelines, or any other document regarding the maintenance of the area in question.

9. Timesheets of each employee or agent working at the premises twelve (12) hours before and twelve (12) hours post accident.

10. Employee manual or guidelines for premises maintenance regarding oil/grease spills.

11. Log of all surveillance or video kept in normal care and scope of business for one week prior to and including 8/23/2019 and one week after.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with the Complaint this 23 day of _May_ , 2022 to: Racetrac Inc., Registered Agent Corporate Creations Network Inc., 801 U.S Highway 1 North Palm Beach, FL 33408.

COHEN & JUDA, P.A.
Attorneys for Plaintiff
8211 W. Broward Boulevard
Suite 310
Plantation, FL 33324
(954) 424-1440 Broward
(954) 424-6465 Fax
pleadings@cohenandjuda.com Primary

BY: _____
HARVEY M. COHEN, ESQ.

Filing # 150079610 E-Filed 05/23/2022 10:14:08 AM

|  |  |
|---|---|
| DARLYNE GARCIA.<br><br>    Plaintiff,<br><br>VS.<br><br>RACETRAC, INC.,<br><br>    Defendant. | IN THE CIRCUIT COURT OF THE 17TH<br>JUDICIAL CIRCUIT IN AND FOR<br>BROWARD COUNTY, FLORIDA<br><br>GENERAL JURSIDICTION DIVISION<br><br>CASE #:<br><br>FLORIDA BAR #:854433 |

## PLAINTIFF'S NOTICE OF PROPOUNDING
## INTERROGATORIES TO THE DEFENDANT

COMES NOW the Plaintiff, DARLYNE GARCIA, by and through her undersigned counsel,

and propounds the attached Interrogatories, numbered 1 through 22, to the Defendants, RACETRAC,

INC., to be answered in writing, individually under oath within the time and manner prescribed by the

Florida Rules of Civil Procedure.

I HEREBY CERTIFY that a true and correct copy of the foregoing was served with the
Complaint this 23 day of _May_ , 2022 to: Racetrac Inc., Registered Agent Corporate
Creations Network Inc., 801 U.S Highway 1 North Palm Beach, Fl. 33408.

COHEN & JUDA, P.A.
Attorneys for Plaintiff
8211 W. Broward Blvd.
Suite 310
Plantation, FL 33324
(954) 424-1440 Broward
(954) 424-0365 Fax
pleadings@cohenandjuda.com Primary

BY: _____
HARVEY M. COHEN, ESQ.

## SLIP AND FALL INTERROGATORIES

### INSTRUCTIONS

Please insert your answers in the space provided following each question. If additional space is needed, so indicate in the space provided, prepare your answer on a separate paper and attach.

1. State your name and address of the person answering these interrogatories and the connection to this litigation.

2. State the name and address of the owner of the premises in which Plaintiff, in the above entitled action, alleges the injuries occurred.

3. If you are leasing the premises, state whether the lease is written; if so, the name and address of the person who has possession of the original lease.

4.  On the day of the alleged occurrence, approximately how many business patrons visited the premises up to the time Plaintiff alleges the injuries occurred.

5.  On said day, how many employees were working on the day and at the time of the alleged occurrence.

6.  To the best of your knowledge state whether there has been any similar accidents on the premises in question within three (3) years prior to the alleged occurrence giving the exact location, exact date, how the accident occurred, and who was involved.

7. State the nature and address of the surface area where Plaintiff alleges the injuries occurred by characterizing it by name, such as wood, metal, slate, concrete etc..

8. State the names and address of the person or persons responsible for the maintenance, repair and/or inspection of the area for the two (2) years pre-dating the accident.

9. State whether within 3 years before the alleged occurrence, any maintenance, repairs and/or inspection, or remodeling of the area was performed. And if so, the name of the company or person who performed the maintenance, inspection or repair, the dates of said activities, the nature of the activity and the location of the activity.

10. State what measures are taken to rectify oil/grease spills to the surface area where Plaintiff alleges the injuries occurred. State further the name and address of the person making the application.

11. State what instructions, if any, were given to employees prior to the alleged occurrence regarding keeping the surface area clean or safe or reporting to any other person with regard to the surface area or the premises in question.

12. State the name, age, address, occupation, and place of employment of every person known to the Defendant, its agents, servants, and employees, having knowledge of any relevant facts pertaining to the above entitled action.

13. State the name, age, address, occupation, and place of employment of every person from whom a written statement was obtained by Defendant, its agents, servants, and employees, concerning such person's knowledge of any facts in regard to the above entitled lawsuit, and the date and place where such statements were taken. And if so, by whom?

14. State the name, age, address, occupation, and place of employment of every person known to the Defendant to have been an eye witness to the accident which is the subject of the above entitled action.

15. Does the Defendant have any statement or statements concerning the facts of the accident signed by Plaintiff, purporting to show Plaintiff's version of facts involved in this accident?

16. Were any photographs or videos taken or sketches or drawings made following this accident by any person known to Defendant purporting to show the area involved in this accident as it existed at the time of the accident? And if so, the number of photographs or videos, who took the photographs or videos, the date of the photographs and videos and what said photographs and videos depict.

17. Did the Defendant, or anyone in the Defendant's employ have any knowledge of a foreign substance being present on the floor in the area of the Plaintiff's fall prior to the occurrence of the incident herein sued upon?

18. State the exact legal name and address for the company maintaining the floors.

19. Describe in detail, each act or omission on the part of Plaintiff you contend constituted negligence that was a contributing legal cause of the accident in question.

20. Describe in detail, how the accident happened, including all actions taken by you to prevent the accident.

21. Did you have liability insurance coverage that protects you from the damages sought by the complaint? If so:

a) What is the name of the insurance company having the coverage:

b) What is the extent of coverage provided in the policy or policies of insurance, including coverage for both personal injury and property damage:

c) What is the policy number of each policy?

22. Were there video cameras monitoring in and/or about the location which is the subject matter of this incident.

STATE OF FLORIDA        )

                  SS
COUNTY OF                )

      BEFORE ME, the undersigned authority. this day personally appeared._____  _____,who being by me first duly sworn, deposes and says that_____executed the foregoing Answers to Interrogatories, and that the statements contained therein are true and correct to the best of _____ information and belief.

      WITNESS MY HAND AND OFFICIAL SEAL in the County and State last aforesaid, this_____day of _____ ___ __ __.

NOTARY PUBLIC

State of

My Commission Expires:

MAY 2 5 2022

Filing # 150768134 E-Filed 06/02/2022 04:34:54 PM

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-22-007445

DARLYNE GARCIA,

      Plaintiff,

vs.

RACETRAC, INC. ,

      Defendant.

_____/

<u>DEFENDANTS NOTICE OF APPEARANCE</u>
<u>AND DESIGNATION OF E-MAIL ADDRESSES</u>

      **DENISE M. STOCKER, ESQ**., OF The Law Firm of LUKS, SANTANIELLO, PETRILLO

& COHEN, hereby files its Notice of Appearance on behalf of the Defendant, **RACETRAC, INC.**

and would request that service of all pleadings, notices and other papers in this matter, be served

upon Defendant at the email addresses provided below.

      Pursuant to Fla. R. Jud. Admin. 2.516, the following are the designated e-mail addresses

for copies of all pleadings or other documents required to be served in this matter.

**Primary E-mail: LUKSMIA-Pleadings@ls-law.com**
**(This email address is for the services of court documents <u>only</u>.  All other communications**
**should be directed to the attorney of record.)**

**Secondary E-mails:**

**<u>DStocker@insurancedefense.net</u>; <u>Rstephenson@insurancedefense.net</u>.**

**(CERTIFICATE OF SERVICE ON FOLLOWING PAGE)**

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 2nd day of June, 2022.

          LUKS, SANTANIELLO, PETRILLO & COHEN
          Attorneys for Defendant
          150 W. Flagler Street
          Suite 2600
          Miami, FL 33130
          Telephone:  (305) 377-8900
          Facsimile:  (305) 377-8901

           /s/ Denise M. Stocker
By:_____
           DANIEL J. SANTANIELLO
           Florida Bar No.: 860948
           Denise M. Stocker
           Florida Bar No.:  89244
           LUKSMIA-Pleadings@LS-Law.com

**SERVICE LIST**

**Plaintiff's Attorney:**

**Harvey M. Cohen, Esq.**
COHEN & JUDA, P.A
8211 W. Broward Blvd., Suite 310, Plantation, FL 33324
Tel: (305) 661-6000/ Fax: (305) 670-7555
Email: pleadings@cohenandjuda.com

2

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

                            CASE NO.:  CACE-22-007445

DARLYNE GARCIA,

        Plaintiff,

vs.

RACETRAC, INC. ,

        Defendant.

_____/

## DEFENDANT RACETRAC, INC., ANSWER, AFFIRMATIVE DEFENSES
## AND DEMAND FOR JURY TRIAL TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, **RACETRAC, INC**., (hereinafter "Defendant") by and through undersigned

counsel, and pursuant to Florida Rule of Civil Procedure 1.110, hereby serves its Answer,

Affirmative Defenses, and Demand for Jury Trial to Plaintiff's Amended Complaint, as follows:

### ANSWER

1.      Defendant denies the allegations in paragraph 1 of Plaintiff's Complaint and

demands strict proof thereof.

2.      Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint to the

extent that Defendant is a foreign corporation, organized under the laws of the State of Georgia,

authorized and licensed to conduct business in the State of Florida, as defined by the Florida

Department of State, Division of Corporations; and that it has a store located in Broward County,

Florida. To the extent that this paragraph seeks to infer anything further, denied. Any remaining allegations contained in this paragraph are denied, and strict proof thereof is demanded.

3.    Defendant admits the allegations in paragraph 3 of the Plaintiff's Complaint, for jurisdictional purposes, only. To the extent that this paragraph seeks to infer anything further, denied. Any remaining allegations contained in this paragraph are denied, and strict proof thereof is demanded.

4.    Defendant denies as phrased, the allegations in paragraph 4 of the Plaintiff's Complaint, and demands strict proof thereof.

5.    Defendant denies the allegations in paragraphs 5, 6, 7 (A –C),8, 9, 10, and 11,  of Plaintiff's Complaint, and demands strict proof thereof.

6.    Defendant denies any and all Wherefore clauses.

7.    Any allegation not specifically admitted, is denied.

## AFFIRMATIVE DEFENSES

1.    The Complaint fails to state a cause of action as it does not specifically state ultimate facts as to the alleged dangerous condition or knowledge thereof on the part of this Defendant.

2.    The Plaintiff was guilty of negligence, which negligence was the sole and legal cause of the accident described in the Complaint, thereby barring all claims, or in the alternative, such negligence contributed to the accident and alleged damages, thus requiring an apportionment of Plaintiffs damages according to Plaintiffs' degree of fault.  Furthermore, to the extent Plaintiff was under the influence of any alcoholic beverage or drug and was more than

2

50% at fault for his own harm, Plaintiff's claim would be barred by Section 768.36, Florida Statutes.

3.    There were sufficient intervening and superseding causes, including the negligence of other persons, parties or entities, to which this Defendant had no control.  In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages as the Doctrine of Joint and Several Liability has been abolished.

The subject parties that may be liable are the co-defendants named in this or any prior or subsequent complaint, and this defendant incorporates by reference the allegations made against them in the complaint.  Should the Plaintiff settle with or dismiss any or all of these named co-defendants, then the defendant would adopt and incorporate these same allegations against them.

The subject non-parties that may be liable are UNKNOWN.

4.    Plaintiff has received or is entitled to receive payments from collateral sources as identified by section 768.76, Florida Statutes.  To the extent that subrogation rights do not exist or have been waived, the Defendant is entitled to a set-off for any collateral sources paid to or on behalf of the Plaintiff and/or as allowed by Section 768.041, Florida Statutes.

5.    The accident in question and damages alleged were proximately caused by the negligence of other persons and/or entities not subject to this Defendant's control.  In accordance with section 768.81, Florida Statutes, the Defendant is entitled to an apportionment of fault and an apportionment of damages under the modification of the Doctrine of Joint and Several Liability.

3

6.      Plaintiffs failed to mitigate or minimize her damages, if any.

7.      The Defendant is entitled to a set-off of all sums or money, settlement, judgment or otherwise received by the Plaintiff from any other party or non-party to this action.

8.      The cause of any damages to Plaintiffs was open and obvious and Plaintiff expressly assumed the ordinary risk incident to this.  The accident and damages complained of by Plaintiff in this Complaint was due to the ordinary risk expressly assumed by the Plaintiff.

9.      The Plaintiff voluntarily used the subject premises knowing of the risks, if any, incidental to use and therefore assumed all ordinary risks.  Additionally, if the plaintiff is a tenant or guest or family of the tenant, the claim is barred or reduced by Section 83.52, Florida Statutes.

10.      Plaintiff failed to take ordinary and reasonable care in conducting herself on the premises.  Plaintiff's failure to use all ordinary care and reasonable care was the direct and proximate cause of Plaintiff's damages.

11.      This Defendant had insufficient notice regarding the problems complained of by Plaintiff.  Any and all conditions complained of by Plaintiff existed for such a short period of time that there was no notice to this Defendant so that corrective action could be taken.  Defendant further avails itself all defenses burdens required of plaintiffs pursuant to Section 768.0755, Florida Statutes (July 1, 2010).

12.      If discovery reveals that at the time and place of the accident complained of Plaintiff was either a trespasser or an uninvited licensee, then Defendant would not owe Plaintiff the duty or duties alleged in the Complaint.  Furthermore, Defendant is entitled to all defenses and immunities provided for in Section 768.075, Florida Statutes, relating to trespassers under the influence, or discovered, or committing acts.

4

13.     Defendant's mode of operation/maintenance was reasonable and adequate at its premises.

14.     At the time and place complained of, person or persons not operating under the control and consent of this Defendant so carelessly and negligently conducted themselves so as to cause the alleged accident, injuries and damages, and such negligence was the sole and proximate cause of the accident, thus barring all claims for damages against the Defendant.

15.     The Plaintiff's damages were caused by third parties not party to this litigation and this Defendant is entitled to have its liability reduced on a pro rata basis for the negligence of any and all persons not parties to this litigation.

16.     Any disability, disfigurement or injury claims alleged by Plaintiff, are a result of a pre-existing condition or were caused by a subsequent injury or injuries and were not caused or aggravated by any alleged acts of negligence of third parties.

17.     Plaintiff has not satisfied all conditions precedent to filing this suit against this Defendant and/or the subject action is barred by the Statute of Limitations.

18.     If discovery reveals Plaintiff to be a borrowed servant and/or statutory employee, then this action and said claims are barred by the Doctrine of Worker's Compensation Immunity, Section 440.11, Florida Statutes.

19.     Defendant avails itself of the defenses and burdens of proof required by Plaintiff pursuant to Section 768.0755, Florida Statutes, which requires Plaintiff to prove negligence in the maintenance, inspection, repair, warning, or mode of operation of the premises.

20.     Defendant avails itself of all statutory defenses and burdens of proof required by Florida law, FAC or Federal law, including but not limited to Chapters 324, 768 and 627, Florida Statutes.

21.   Plaintiff has failed to mitigate damages because the medical bills are not reasonable and/or necessary; the billing is excessive; the treatment and/or billing was not casually related to the accident; the medical providers have engaged in conduct (excessive billing or treatment) which was not reasonably foreseeable; Plaintiff had health insurance and treated under a Letter of Protection which is void against public policy and Defendant is entitled to a write-down or setoff pursuant to Section 641.3154, Florida Statutes and *Marion v. Orlando*, 2009 W.L. 7582985 (Fla. Cir. Ct. 2009); plaintiff is a Medicare beneficiary, then defendant is entitled to a write-down or setoff under the Medicare fee schedule.

22.     Defendant asserts that the Plaintiff's past and future damages are reduced or offset by the amount of ay governmental or charitable benefits available and further, that the defendant is entitled to an offset by any and all payments which have been made or will be made to the Plaintiff as a result of the injuries alleged in the Complaint.

23.     Defendant asserts that it is entitled  to a set off of any contractual discount of medical bills or expenses, negotiated write off of medical bills or expenses or negotiated agreement to pay medical bills or other  expenses in the future pursuant to the law of collateral source setoffs and _Goble v. Frohman_, 901 So.2d 830 (Fla. 2005). Alternatively, Plaintiff is not entitled to claim bills, costs or expenses incurred but waived or not  actually incurred by the Plaintiff.

24.     This Defendant did not have possession or otherwise exclusive possession was had by others not subject to this defendant's control.  Therefore, the exclusivity of possession defense relieves this defendant of any liability or duty.

25.     The collateral source rule is no longer applicable, because the Patient Protection and Affordable Care Act mandates that all persons obtain health insurance. Therefore, evidence relating to collateral source benefits received in the past and available in the future to Plaintiff's statutory survivors is admissible and such collateral source benefits shall offset and reduce any past or future economic damages awarded.

26.     To the extent that Plaintiff's statutory survivors fail to comply with the mandate of the Patient Protection and Affordable Care Act to obtain health insurance, Plaintiff's survivors have failed to mitigate their damages and Plaintiff's recovery must be reduced by the amount attributable to such failure.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

**WHEREFORE**, Plaintiff should take nothing by this action and Defendant should go hence without day.

## (CERTIFICATE OF SERVICE ON FOLLOWING PAGE)

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record listed on the attached Service List, this 15th day of June, 2022.

LUKS, SANTANIELLO, PETRILLO & COHEN
Attorneys for Defendant
150 W. Flagler Street
Suite 2600
Miami, FL 33130
Telephone: (305) 377-8900
Facsimile: (305) 377-8901

*/s/ Denise M. Stocker*

By:_____
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
Denise M. Stocker
Florida Bar No.: 89244
LUKSMIA-Pleadings@LS-Law.com

**SERVICE LIST**

**Plaintiff's Attorney:**

**Harvey M. Cohen, Esq.**
COHEN & JUDA, P.A
8211 W. Broward Blvd., Suite 310, Plantation, FL 33324
Tel: (305) 661-6000/ Fax: (305) 670-7555
Email: pleadings@cohenandjuda.com

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO.:  CACE-22-007445

DARLYNE GARCIA,

     Plaintiff,

vs.

RACETRAC, INC. ,

     Defendant.

_____/

## **DEFENDANT'S NOTICE OF SERVICE OF INTERROGATORIES TO PLAINTIFF**

TO:        Plaintiff, DARLYNE GARCIA

FROM:     Defendant, RACETRAC, INC.

The Defendant pursuant to Rule 1.340(e) and the other applicable rules of the

Florida Rules of Civil Procedure and Local Rules governing practice, hereby files this

Notice of Service of Interrogatories propounded to the Plaintiff, as follows:

TYPE OF INTERROGATORIES:  SLIP & FALL

NUMBER OF INTERROGATORIES:  26

**(CERTIFICATE OF SERVICE ON FOLLOWING PAGE)**

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail, to all counsel of record on the attached Service List, this 3rd day of June, 2022.

<div style="margin-left:40%">

LUKS, SANTANIELLO, PETRILLO, COHEN & PETERFRIEND
Attorneys for Defendant
150 W. Flagler Street
Suite 2600
Miami, FL 33130
Telephone:  (305) 377-8900
Facsimile:  (305) 377-8901

By:   /s/ Denise M. Stocker
DANIEL J. SANTANIELLO
Florida Bar No.: 860948
Denise M. Stocker
Florida Bar No.:  89244
LUKSMIA-Pleadings@LS-Law.com

</div>

## SERVICE LIST

**Plaintiff's Attorney:**

Harvey M. Cohen, Esq.
COHEN & JUDA, P.A
8211 W. Broward Blvd., Suite 310
Plantation, FL 33324
Tel: (305) 661-6000/ Fax: (305) 670-7555
Email: pleadings@cohenandjuda.com
eservice@rubensteinlaw.com

## DEFENDANT'S SLIP AND FALL INTERROGATORIES TO PLAINTIFF

(If answering for another person or entity, answer with respect to that person or entity, answer with respect to that person or entity, unless otherwise stated)

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

  **ANSWER:**

2. List the names, business addresses, dates of employment, and rates of pay regarding all employers, including self-employment, for whom you have worked in the past 10 years.

  **ANSWER:**

3. List all former names and when you were known by those names. State all addresses where you have lived for the past 10 years, the dates you lived at each address, your Social Security number, your date of birth, and, if you are or have ever been married, the name of your spouse or spouses.

  **ANSWER:**

4.      Do you wear glasses, contact lenses, or hearing aids?  If so, who prescribed them, when were they prescribed, when were your eyes or ears last examined, and what is the name and address of the examiner?

        **ANSWER:**

5.      Have you ever been convicted of a crime, other than any juvenile adjudication, which under the law under which you were convicted was punishable by death or imprisonment in excess of 1 year, or that involved dishonesty or a false statement regardless of the punishment?  If so, state as to each conviction the specific crime and the date and place of conviction.

        **ANSWER:**

6.      Were you suffering from physical infirmity, disability, or sickness at the time of the incident described in the complaint?  If so, what was the nature of the infirmity, disability, or sickness?

        **ANSWER:**

7.    Did you consume any alcoholic beverages or take any drugs or medications within 12 hours before the time of the incident described in the complaint?  If so, state the type and amount of alcoholic beverages, drugs, or medication which were consumed, and when and where you consumed them.

      **ANSWER:**

8.    Describe in detail how the incident described in the complaint happened, including all actions taken by you to prevent the incident.

      **ANSWER:**

9.    Describe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence that was a contributing legal cause of the incident in question.

      **ANSWER:**

10.     Were you charged with any violation of law (including any regulations or ordinances) arising out of the incident described in the complaint?  If so, what was the nature of the charge; what plea or answer, if any, did you enter to the charge; what court or agency heard the charge; was any written report prepared by anyone regarding this charge, and, if so, what is name and address of the person or entity that prepared the report; do you have a copy of the report; and was the testimony at any trial, hearing, or other proceeding on the charge recorded in any manner, and, if so, what is the name and address of the person who recorded the testimony?

        **ANSWER:**

11.     Describe each injury to which you are claiming damages in this case, specifying the part of your body that was injured, the nature of the injury, and, as to any injuries you contend are permanent, the effects on you that you claim are permanent.

        **ANSWER:**

12.    List each item of expense or damage, other than loss of income or earning
       capacity, that you claim to have incurred as a result of the incident
       described in the complaint, giving for each item the date incurred, the
       name and subject address of the person or entity to whom each was paid
       or is owed, and the goods or services for which each was incurred.

       **ANSWER:**

13.    Do you contend that you have lost any income, benefits, or earning
       capacity in the past or future as a result of the incident described in the
       complaint?  If so, state the nature of the income, benefits, or earning
       capacity, and the amount and the method that you used in computing the
       amount.

       **ANSWER:**

14.     Has anything been paid or is anything payable from any third party for the damages listed in your answers to these interrogatories?  If so, state the amounts paid or payable, the name and business address of the person or entity who paid or owes said amounts, and which of those third parties have or claim a right of subrogation.

**ANSWER:**

15.     List the names and business addresses of each physician who has treated or examined you, and each medical facility where you have received any treatment or examination for the injuries for which you seek damages in this case; and state as to each the date of treatment or examination and the injury or condition for which you were examined or treated.

**ANSWER:**

16.     List the names and business addresses of all other physicians, medical facilities, or other health care providers by whom or at which you have been examined or treated in the past 10 years; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated.

        **ANSWER:**

17.     List the names and addresses of all persons who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any of the issues in this lawsuit; and specify the subject matter about which the witness has knowledge.

        **ANSWER:**

18.     Have you heard or do you know about any statement or remark made by or on behalf of any party to this lawsuit, other than yourself, concerning any issue in this lawsuit?  If so, state the name and address of each person who made the statement or statements, the name and address of each person who heard it, and the date, time, place and substance of each statement.

        **ANSWER:**

19.     State the name and address of every person known to you, your agents, or your attorneys, who has knowledge about, or possession custody, or control of, any model, plat, map, drawing, audio recording, visual recording, audiovisual recording, or photograph pertaining to any fact or issue involved in this controversy; and describe as to each, what item such person has, the name and address of the person who took or prepared it, and the date it was taken or prepared.

        **ANSWER:**

20.     Do you intend to call any expert witnesses at the trial of this case?  If so, state as to each such witness the name and business address of the witness, the witness's qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

        **ANSWER:**

21.     Have you made an agreement with anyone that would limit that party's liability to anyone for any of the damages sued upon in this case?  If so, state the terms of the agreement and the parties to it.

        **ANSWER:**

22.    Please state if you have ever been a party, either plaintiff or defendant, in a lawsuit other than the present matter, and, if so, state whether you were plaintiff or defendant, the nature of the action, and the date and court in which such suit was filed.

   **ANSWER:**

23.    Please state how long the alleged condition had been in existence and the basis for any contention that the defendant knew of the existence of that condition.

   **ANSWER:**

24.    Please identify by name and address each pharmacy at which you have had a prescription for medication filled for yourself in the past ten (10) years.

   **ANSWER:**

25.    With regard to the area(s) of the body that you are claiming were injured in the accident described in the Complaint, please state whether or not you were ever treated by any doctor or hospital (including emergency room) or other health care provider for any problems in the same areas of your body before the accident.  For each such prior visit to any doctor, hospital or other health care provider, please state the name and address of each such doctor, hospital or health care provider, and the approximate date of each such visit.

   **ANSWER:**

26.    Please identify any internet social media websites which Plaintiff has used and/or maintained an account in the last five (5) years. "Internet social media

websites" includes but is not limited to Facebook, Twitter, LinkedIn, XboxLive, Foursquare, Gowalla, MySpace, and Windows Live Spaces.

**ANSWER:**

By:

Affiant _____

STATE OF FLORIDA  )

                                     ss.

COUNTY OF _____)

        SWORN TO and SUBSCRIBED before me by _____, who is personally known to me or has produced (_____) as identification and who did/did not take an oath and verified that the foregoing Answers to Interrogatories are true and correct.

        DATED this _____ day of _____, 20___.

                         NOTARY PUBLIC, State of Florida

                         _____

                         Signature of Notary Public

                         _____

                         Typed or Printed Name of Notary Public

My commission expires: